In the
United States Court of Appeals
For the Seventh Circuit

No. 99-4284

Jeffrey Stotts,

Plaintiff-Appellant,

v.

Community Unit School District No. 1,
Thomas F. Leahy, Mike Kindhart, et al.,

Defendants-Appellees.

Appeal from the United States District Court
for the Central District of Illinois.
No. 99 C 3308--Jeanne E. Scott, Judge.

Argued September 11, 2000--Decided October 24, 2000

Before Bauer, Evans, and Williams, Circuit Judges.

Bauer, Circuit Judge.  Jeffrey Stotts was suspended from his high school's basketball team because he got a tattoo in violation of a rule governing the personal appearance of boys basketball players. He challenged the constitutionality of the rule, and petitioned the district court for a preliminary injunction. Stotts now appeals the district court's decision to deny him injunctive relief. We dismiss the case on the ground that it is moot.

I.  BACKGROUND

After a local disk jockey called the boys varsity basketball team a bunch of "peanut heads," the Board of Education for the Community Unit School District ("Board") issued "appearance guidelines," which only applied to members of the boys basketball team. These guidelines prohibited boys basketball players from having tattoos, body graffiti, and unnatural hair coloring, and addressed their uniforms and other appearance issues. The Board intended the regulation to "restore pride and team spirit and project a positive image of the team to the community." Before the basketball season began, the coaches discussed the new appearance policy with students who came to open gym.

Jeffrey Stotts, a senior who had been a member of the varsity basketball team since his freshman year, subsequently got a tattoo of a dragon on his back. His basketball uniform covered the tattoo unless another player pulled on his shirt. Pursuant to the appearance guidelines, the coach suspended Stotts from the basketball team for the first half of the season. The coach informed Stotts and his parents that Stotts would have to remove the tattoo before he could play with the team again. Stotts appealed his suspension to the Board, which upheld the coach's decision. The Board further notified Stotts that if he failed to have the tattoo removed by the second half of the season, he would be permanently suspended from the basketball team.

Stotts filed suit in the district court challenging the constitutionality of the appearance regulations. He alleged that the regulation and its enforcement violated his First Amendment right to free speech, his Fourteenth Amendment right to equal protection, and his Fourteenth Amendment substantive due process rights. Stotts petitioned the district court for preliminary injunctive relief so that he could play basketball during his senior year of high school. The district court denied Stotts' petition, holding that he failed to demonstrate a likelihood of success on the merits.

While the appeal was pending before this Court, Stotts graduated from high school. Stotts asks this Court to reverse the district court decision.

II. DISCUSSION

The United States Constitution limits this Court's jurisdiction to live cases and controversies. See U.S. Const. art. III, sec. 2; Murphy v. Hunt, 455 U.S. 478, 481 (1982). "A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496 (1969). The requirement that a case have an actual, ongoing controversy extends throughout the pendency of the action. See Board of Educ. of Downer's Grove Grade School Dist. No. 58 v. Steven L., 89 F.3d 464, 467 (7th Cir. 1996). When a case is moot, it must be dismissed as non-justiciable. See id.

Stotts' case lacks a live controversy; Stotts has graduated from high school and is no longer eligible to play high school basketball. See, e.g., Honig v. Doe, 484 U.S. 305, 317-20 (1988) (holding that a twenty-four year old disabled student's case under the Individuals with

Disabilities Education Act was moot because he only had a right to public education until he was twenty-one). This Court's decision regarding the preliminary injunction would have no practical impact on the parties.

In oral argument, Stotts' attorney argued that the case falls into an exception to the mootness rule for cases "capable of repetition yet evading review." Murphy, 455 U.S. at 482. We disagree. A case falling into this mootness exception must contain the following two elements: (1) the duration of the case must be too short to allow a determination on the merits and (2) the particular plaintiff must have a reasonable expectation of suffering from the same harm again. See id. Stotts meets neither requirement. While Stotts' case became moot before an appellate ruling on the merits could be made, a case challenging the appearance regulation will not necessarily evade review. A freshman who challenges the regulation, for example, would have a four year window within which to litigate the issue. Stotts has graduated; he no longer has a reasonable expectation of being subjected to the Board's appearance regulation.

This appeal is moot and is hereby DISMISSED.