**Seer MAGI, Plaintiff–Appellant,**

v.

**Daniel BERTRAND, et al., Defendants–Appellees.**

No. 01–3962.

United States Court of Appeals, Seventh Circuit.

Submitted June 27, 2002.*

Decided June 28, 2002.

Before POSNER, KANNE, EVANS, Circuit Judges.

**ORDER**

Upset by the denial of his "Emergency Motion for Court Protection and for Appointment of Counsel," Seer Magi filed a notice of appeal. As a result of our jurisdictional screening, we ordered the parties to specifically address whether we have jurisdiction under 28 U.S.C. § 1292 to hear this appeal. In the meantime, however, the district court has entered a final judgment in the underlying action, and so we dismiss this appeal as moot.

Magi, a Wisconsin prisoner, filed a lawsuit under 42 U.S.C. § 1983, naming 23 defendants including the prison warden, medical personnel, guards, and several complaint examiners. Magi alleged

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Eighth Amendment violations for physical abuse and denial of medical treatment, and he raised due process claims based on denial of access to the law library and courts.

Along with his complaint, Magi filed an "Emergency Motion for Court Protection and for Appointment of Counsel." In this document Magi described his debilitating pain and claimed to be "in fear for my life." He asked the court to provide him legal assistance, and he requested that the court "issue a preliminary and permanent injunction affording me whatever protection and assistance the law allows the court to give in an emergency situation." The district court declined to appoint counsel or provide any emergency relief. According to the district court, the documents Magi appended to his complaint and motion suggested that he was "a severe hypochondriac with a flair for the melodramatic," and so Magi failed to establish that he was in need of emergency judicial intervention

Magi then filed a "Motion to Reconsider or in the Alternative Notice of Appeal," disputing the district court's conclusion about his medical condition and explaining that the motion for court protection was intended to stop physical abuse by the defendants. The district court denied Magi's motion to reconsider and explained that there was no order from which Magi could take an interlocutory appeal. Nonetheless, Magi then submitted to this court a "Motion for Permission to Appeal," which we docketed as a notice of appeal.

Although we were initially concerned about the existence of appellate jurisdiction under § 1292, it appears now that Magi's appeal is doomed because of a different jurisdictional defect—mootness. Our appellate jurisdiction is limited to "live cases and controversies," U.S. Const. art. III, § 2; *Stotts v. Cmty. Unit Sch. Dist. No. 1*, 230 F.3d 989, 990 (7th Cir.2000), and when the issues presented in a case are no longer "live," the case becomes moot and nonjusticiable, *id.* at 990–91; *Tobin for Governor v. Ill. State Bd. of Elections*, 268 F.3d 517, 528 (7th Cir.2001).

There is no longer a live case or controversy underlying this interlocutory appeal. During the time Magi's appeal has been pending in this court, the district court dismissed his § 1983 complaint for failure to serve the defendants. Magi did not file a notice of appeal from that order, and the time to do so has expired. Accordingly, the parties have no legally cognizable interest in the outcome of this appeal. *See Stotts*, 230 F.3d at 990. Magi's interlocutory appeal from the district court's denial of his motion for court protection is rendered moot by the issuance of the final order in the underlying case. *Hankins v. Temple Univ. (Health Scis. Ctr.)*, 829 F.2d 437, 438 n. 1 (3d Cir.1987); *Am. Postal Workers Union, AFL–CIO v. United States Postal Serv.*, 764 F.2d 858, 860 n. 3 (D.C.Cir.1985).

DISMISSED.