**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 11, 2009[*]
Decided May 14, 2009

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 08-2244 | |
| | Appeal from the United States District |
| ORLANDO CORYELL, | Court for the Northern District of Illinois, |
| *Plaintiff-Appellant*, | Eastern Division. |
| | |
| *v.* | No. 07 C 754 |
| | |
| LIBERTY MUTUAL INSURANCE CO., et al., | John A. Nordberg, |
| *Defendants-Appellees*. | *Judge.* |

**O R D E R**

After sustaining an on-the-job injury and accepting a workers' compensation settlement for that injury, Orlando Coryell sued his employer, its insurance carrier, and the United States Department of Health and Human Services ("HHS"), claiming that all involved had violated the Medical Secondary Payer Act. At the defendants' urging, the district court dismissed the complaint. Coryell appeals, but we dismiss the case as moot.

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. FED. R. APP. P. 34(a)(2).

Coryell was injured in 2003 while working at The Great Indoors, a division of Sears, Roebuck and Company. Coryell hired counsel to pursue a claim for workers' compensation against Sears and its insurance carrier, Liberty Mutual Insurance Company. His lawyer eventually presented Coryell with a proposed settlement agreement and recommended that he accept the offer of $41,006. Coryell was a Medicare beneficiary at the time of his injury, and in compliance with the Medicare Secondary Payer Act, 42 U.S.C. § 1395y, the parties set aside a portion of the settlement for future injury-related medical expenses so that Medicare would not be burdened with those costs. The amount set aside, $8,091, was subject to review by the Centers for Medicare & Medicare Services within HHS and would be placed in a trust account administered by Coryell. The parties finalized their deal without getting approval from HHS that the set-aside was sufficient to comply with the secondary-payer statute, but in the settlement agreement, which Coryell executed in February 2005, he acknowledged that he had been "fully counseled on the risks of this settlement without first obtaining Medicare's approval."

The Medicare Secondary Payer Act insulates the government from primary liability for certain medical expenses, including services that are covered under a workers' compensation law or plan. *See* 42 U.S.C. § 1395y(b)(2)(A)(ii); 42 C.F.R. § 411.40(b)(1)(I); *Evanston Hosp. v. Hauck*, 1 F.3d 540, 544 (7th Cir. 1993). And if, as in Coryell's case, a workers' compensation settlement sets aside a lump sum intended to pay the cost of future injury-related medical expenses, Medicare will not contribute toward those expenses until the set-aside is exhausted. *See* 42 C.F.R. § 411.46(a). The governing regulations, however, do not require that parties obtain preapproval from HHS before agreeing on the amount of the set-aside; should HHS later conclude that the amount is inadequate, it may make payment conditioned on reimbursement and may bring action against parties with primary liability for the expenses. 42 U.S.C. § 1395y(b)(2)(B).

For more than two years after entering the settlement, Coryell neglected to give HHS the authority it needed to review his medical records and evaluate the amount of the set-aside. Meanwhile, he filed this action in February 2007. As relevant here, Coryell asserted that Sears and Liberty Mutual should have directly secured approval from HHS regarding the amount of the set-aside instead of leaving that task to him. He also asserted that no bank would let him open a Medicare trust account with the original check for $8,091 that he received from Sears and Liberty Mutual because the title "trustee" was omitted from the payee line. As a consequence, Coryell claims, Sears, Liberty Mutual, and HHS had all violated the secondary payer act. Coryell's only allegation about HHS, however, was that the agency had threatened "his future health" through its "arbitrary and capricious" failure to assure him that the amount of the set-aside was adequate. Coryell also included a claim for damages against his lawyer in the workers' compensation matter, but during the

pendency of this appeal, Coryell and the lawyer settled their differences. We grant their motion to dismiss the lawyer and his law firm from the appeal pursuant to stipulation.

Meanwhile, after he filed suit, Coryell released his medical records to HHS, which in turn approved the $8,091 set-aside as adequate to protect Medicare's interests in future injury-related medical expenses. Coryell also acknowledged, in response to the defendants' motions to dismiss, that he had received a replacement check for $8,091. From the nonlawyer defendants Coryell wanted only a new check and assurance from HHS that $8,091 was a satisfactory set-aside, and he got both during the litigation.

The district court reasoned that Coryell's lawsuit arises under the Medicare Act, *see* 42 U.S.C. §§ 1395-1395iii, if it states a claim at all. But Coryell had not addressed his concerns to HHS before he filed suit, and thus the court concluded that it could not adjudicate the dispute without an agency decision to review. *See Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 12 (2000); *Heckler v. Ringer*, 466 U.S. 602, 605 (1984). The court added, moreover, that Coryell had yet to suffer a cognizable injury when he filed suit. Now on appeal Coryell and the remaining defendants debate the correctness of the district court's analysis, but we need not address the issue.

As we noted, when he filed suit, Coryell wanted a new check for $8,091 and assurances that HHS would deem that amount to be an adequate set-aside. He got both of those things before the district court issued its ruling. Coryell also wanted money damages from his former lawyer, and that relief he did not get from the district court. But Coryell has since settled his claim against the lawyer and is now dismissing him from this appeal, leaving only Sears, Liberty Mutual, and HHS as defendants. All of the relief demanded from them was obtained in the district court; thus, Coryell stands to gain nothing more from this appeal. *See Cornucopia Inst. v. U.S. Dep't of Agric.*, 560 F.3d 673, 676 (7th Cir. 2009); *Stotts v. Cmty. Unit Sch. Dist. No. 1*, 230 F.3d 989, 990 (7th Cir. 2000). Accordingly, the appeal is moot and is DISMISSED.