In the

# United States Court of Appeals
## For the Seventh Circuit
―――――――

No. 07-1498

IN THE MATTER OF:

TEKNEK, LLC,

*Debtor.*

APPEAL OF:

SHEILA HAMILTON

―――――――

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 06 C 3950—**Joan B. Gottschall**, *Judge.*

―――――――

ARGUED OCTOBER 25, 2007—DECIDED DECEMBER 28, 2007

―――――――

Before EASTERBROOK, *Chief Judge*, and RIPPLE and
KANNE, *Circuit Judges*.

EASTERBROOK, *Chief Judge*. Teknek, LLC, is a debtor
in bankruptcy. During proceedings to locate and value
its assets, Systems Division, Inc., Teknek's principal
creditor (holding a $3 million judgment in patent-infringe-
ment litigation), learned that many of Teknek's records
are in code. At an examination under Fed. R. Bankr. P.
2004, Sheila Hamilton, one of Teknek's officers (and its
principal equity investor) stated that the key to the code
had been leased from Teknek Electronics, Ltd., another
firm that Hamilton controls. According to Hamilton, the
lease was terminated a few months before Teknek's

bankruptcy began. Hamilton conceded that she had the key on her computer but refused to provide it.

Keeping one's business records in code, and then claiming that any right to use the key (held by another entity under common ownership) has expired, sounds like a fraudulent conveyance: the transactions may well have been structured with the intent to hinder or deceive creditors. But the Trustee, who could have initiated an adversary proceeding to compel Teknek Electronics to hand over the key, has not done so. Systems Division took matters into its own hands by asking the bankruptcy court to hold Hamilton in contempt for her refusal to provide the information. Bankruptcy Judge Cox did so, ordering Hamilton to pay a fine of $1,000 per day until she supplies the key. The district court affirmed.

Appellate jurisdiction is intertwined with the principal argument on Hamilton's appeal: that she is not a party to the bankruptcy and therefore cannot be held in contempt until she has been served with process in a manner that complies with Fed. R. Bankr. P. 9014. If Hamilton is not a party, then she is entitled to take an immediate appeal. See *Bessette v. W.B. Conkey Co.*, 194 U.S. 324 (1904); cf. *Perlman v. United States*, 247 U.S. 7 (1918). But if she became a party to the core proceeding before being held in contempt, then additional service was unnecessary—and she cannot appeal, either, because an order holding a party in civil contempt is not a "final decision" under 28 U.S.C. §158(d) or §1291. See *Fox v. Capital Co.*, 299 U.S. 105 (1936); *Doyle v. London Guarantee & Accident Co.*, 204 U.S. 599 (1907); *Powers v. Chicago Transit Authority*, 846 F.2d 1139 (7th Cir. 1988).

There are two reasons why Hamilton might be thought a party, even though she is neither the debtor nor a creditor who has filed a claim. One is that Hamilton volunteered to be the "debtor's representative"—which is

to say, the person who acts for the debtor at the initial creditors' meeting, before a trustee is appointed or the bankruptcy court allows the management to continue to run the business as a debtor in possession. Neither the Bankruptcy Code nor the Federal Rules of Bankruptcy Procedure defines the term "debtor's representative" or specifies the consequences of being one. Hamilton's lawyer used that term to refer to being an agent for Teknek until the case could get under way. This does not make her a party, however, for two reasons. First, she is no longer the debtor's representative; the Trustee now serves that function. Second, an appearance as an agent does not make a person a party in an individual capacity. That's a point of the fiduciary-shield doctrine, on which see *ISI International Inc. v. Borden Ladner Gervais LLP*, 256 F.3d 548 (7th Cir. 2001) (a person who enters a jurisdiction only as an agent does not submit to suit in a personal capacity), and the rule that someone who transacts as a declared agent for a known principal does not become personally liable in contract. See *Restatement (Third) of Agency* §6.01 (2006).

The other potential reason could be that Hamilton is a party to an adversary proceeding commenced by the Trustee in February 2006, three months after her initial refusal to provide the key. Hamilton was served with process in Scotland (her home) on February 20, 2006, the day before the bankruptcy court held its hearing on the motion to hold her in contempt. Service in Scotland the day before a hearing in Chicago would not supply sufficient notice—and at all events the summons served on Hamilton did not mention the contempt.

Adversary proceedings (for example, tort actions against a debtor, or attempts by the debtor to recover preferential transfers) are conceptually distinct from core matters such as locating the debtor's existing assets and approving plans of reorganization. Each

adversary proceeding operates with its own list of parties; persons who must be notified in an adversary proceeding do not receive notice of events in the core proceeding, and the reverse. Parties to an adversary proceeding may elect to become parties to the core proceeding, see Fed. R. Bankr. P. 2002, 3001, 3007, 9010(a), but this is not automatic. For the purpose of appellate jurisdiction we treat adversary proceedings as if they were separate suits. See, e.g., *In re Stoecker*, 5 F.3d 1022, 1027 (7th Cir. 1993); cf. *In re Morse Electric Co.*, 805 F.2d 262 (7th Cir. 1986). This implies that status as a party to an adversary proceeding does not make one a party to the core proceeding. It follows that Hamilton is entitled to appeal under §§ 158(d) and 1291, and this all but concludes the appeal on the merits as well.

A motion to hold someone in contempt of court on account of acts done or omitted in a core proceeding initiates a "contested matter" in the bankruptcy. Bankruptcy Rule 9014(b) provides that a motion initiating a contested matter "shall be served in the manner provided for service of a summons and complaint by Rule 7004." That rule in turn requires personal service. When service must occur in a foreign nation, Fed. R. Civ. P. 4(f), incorporated by Rule 7004(a), governs. International treaties and conventions, such as the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents, must be followed; service by mail is not allowed. Instead of serving Hamilton personally in Scotland, however, Systems Division mailed a copy of the motion to Hamilton's lawyer in Chicago. Mailing a document to an attorney does not satisfy the requirement of personal service on a putative litigant. See, e.g., *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

Systems Division does not contend that it complied with Rules 9014 and 7004. Instead it contends, and the district court held, that Hamilton voluntarily submitted

to the court's jurisdiction when she did not raise the lack of service at the contempt hearing before the bankruptcy judge. The subject was first raised in a motion to set aside the judgment of contempt, and that is too late, the district judge concluded.

The problem with this understanding is that Hamilton could not have forfeited any issue at the hearing, because she had not been served and was not represented by counsel there. True, the law firm that appeared on behalf of Teknek represents Hamilton in many matters. But Hamilton had not engaged that firm to represent her in this one, and it did not enter an appearance on her behalf. It represented Teknek alone at the hearing. Someone who has never been served with process does not forfeit any issue by failing to appear; there is no need to appear until service has been accomplished. A person not served with process is entitled to ignore the proceeding without any risk of giving up a legal entitlement.

A person not properly served who *does* appear, without alerting the court to the problem and imposing the defense that personal jurisdiction is missing, forfeits that defense. See Fed. R. Civ. P. 12(h)(1), applied to adversary proceedings by Fed. R. Bankr. P. 7012(b). The Bankruptcy Rules do not have a parallel provision for contested matters, so perhaps there is no similar forfeiture doctrine if an unserved person omits this defense from an answer; we need not decide. There is assuredly no requirement in the Bankruptcy Rules that a person who has never been served with process appear or be deemed to have submitted herself to the court's jurisdiction.

Hamilton was not served with process and did not appear by counsel at the hearing; she therefore is not a party. The bankruptcy judge lacked authority to hold her in contempt of court. Systems Division has proposed to withdraw its claim in the bankruptcy and apparently

does not plan to proceed with a second motion to hold Hamilton in contempt. But the Trustee may choose to take over the matter, and it is within the power of the United States Attorney to initiate proceedings in criminal contempt. Nothing in this opinion implies that Hamilton is entitled to get away with what appears to be a scheme to stiff Teknek's creditors by shuffling a vital asset (the key to the code used in Teknek's books) from one firm to another within an affiliated group under Hamilton's control. All we hold today is that Hamilton is entitled to personal service that complies with Rule 7004, and then to an opportunity for a hearing, before she may be held in civil contempt of court.

VACATED AND REMANDED

A true Copy:

　　　　Teste:

　　　　　　　　　　　　_____
　　　　　　　　　　　　*Clerk of the United States Court of*
　　　　　　　　　　　　*Appeals for the Seventh Circuit*