NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Submitted June 18, 2008[*]
Decided June 26, 2008

**Before**

JOHN L. COFFEY, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 08-1357

| | |
|---|---|
| In re:  ANTHONY FIELDS,<br>    *Debtor*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| ANTHONY FIELDS,<br>    *Defendant-Appellant*, | No. 07 C 1432 |
| *v*. | John A. Nordberg,<br>*Judge*. |
| RALPH BOOKER,<br>    *Plaintiff-Appellee*. | |

**O R D E R**

Anthony Fields sought bankruptcy protection in 2003.  Shortly after Fields filed for bankruptcy, Ralph Booker sued Fields in state court, to rescind a property sale because Fields had failed to pay for the property.  The bankruptcy filing stayed the state-court case.  Booker

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  *See* Fed. R. App. P. 34(a)(2).

then filed a "proof of claim" in the bankruptcy court for the amount he sought from Fields; he then filed an adversary complaint in the bankruptcy court, seeking a determination of the amount he was owed by Fields and a declaration that the debt was nondischargeable. Fields defaulted on that complaint, and in September 2005 the bankruptcy court declared the debt nondischargeable and entered judgment in Booker's favor in the amount of $2,800,000. In January 2007, Fields sought relief from that judgment; he argued that he had committed excusable neglect by failing to defend against Booker's adversary complaint. *See* BANKR. R. 9024; FED. R. CIV. P. 60(b). The bankruptcy court denied his motion. Fields then appealed that decision to the district court, which affirmed the ruling. Fields now appeals from the district court's decision. We affirm the judgment of the district court.

When the bankruptcy court denied Fields's motion for relief from judgment, the court entered an order stating that the motion was denied "[f]or reasons stated in open court." R.3 at 1. The district court, when reviewing Fields's appeal from this ruling, determined that the appeal was "doomed at the outset" because Fields had not provided the court with a transcript from that hearing. R.15 at 1. Without a transcript, the court explained, it was impossible to review the bankruptcy court's reasoning. The district court opined that Booker had submitted sound justifications for the bankruptcy court's denial of Fields's post-judgment motion, which Fields had not adequately disputed.

As a preliminary matter, we are satisfied that we have jurisdiction over this case. Booker implies that we do not have jurisdiction; he contends that the bankruptcy court's decision on his adversary complaint was not final because the bankruptcy case was still ongoing when Fields appealed to the district court. However, we have established that the finality of a decision resolving an adversary action does not turn on whether the entire bankruptcy proceeding has been terminated. *See In re UAL Corp.*, 411 F.3d 818, 821 (7th Cir. 2005). In this case, the bankruptcy court issued a final decision in Booker's adversary action against Fields on September 15, 2005, when the court entered a default judgment and declared that the amount owing to Booker was nondischargeable. This decision is therefore final because it resolved a discrete dispute that is equivalent to a stand-alone lawsuit. *See Bank of Am. v. Moglia*, 330 F.3d 942, 944 (7th Cir. 2003); *In re Szekely*, 936 F.2d 897, 899 (7th Cir. 1991). The "final disposition of any adversary proceeding falls within our jurisdiction." *Zedan v. Habash*, No. 07-1286, 2008 U.S. App. LEXIS 12693, at *10 (7th Cir. June 16, 2008) (holding that this court had jurisdiction to review a district court's order affirming a bankruptcy court's dismissal of an adversary complaint with prejudice); *see also In re Teknek*, 512 F.3d 342, 345 (7th Cir. 2008).

On appeal to this court, Fields raises a variety of contentions. He does not explain, however, why he never submitted a transcript of the hearing on his motion. He asserts in his brief that this transcript was included in the record for the district court's review, but we, like the district judge, cannot find it. Our thorough search of docket sheets from the bankruptcy proceedings as well as the district court shows that Fields never ordered a transcript of that hearing. This failure has left us without any factual basis from which we could meaningfully review the issues he raises. *See* FED. R. APP. P. 10(b)(2); *Birchler v. Gehl*, 88 F.3d 518, 520 (7th Cir. 1996). The determination of excusable neglect is "an equitable one, taking account of all

relevant circumstances surrounding the party's omission." *Pioneer Inv. Serv. Co. v. Brunswick Assocs. P'ship*, 507 U.S. 380, 395 (1993); *see also Lewis v. Sch. Dist. # 70*, 523 F.3d 730, 740 (7th Cir. 2008). Without knowing all of the relevant circumstances discussed at the hearing, we have no basis from which to conclude that the bankruptcy court committed error.  Under these circumstances, we must affirm the judgment of the district court.

AFFIRMED