**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 10, 2019[*]
Decided April 11, 2019

**Before**

AMY C. BARRETT, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 18-3554

| | |
|---|---|
| ELIZABETH PETERS, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 18-cv-01236-JES-JEH |
| TIMOTHY SLOAN, *et al.*, *Defendants-Appellees*. | James E. Shadid, *Judge*. |

## O R D E R

Elizabeth Peters sued various defendants involved with the foreclosure of her home in Iowa. The district court dismissed the claims for lack of personal jurisdiction, improper venue, and failure to state a claim. The dismissal was correct, so we affirm.

Because this case was resolved on motions to dismiss, we accept as true the allegations in Peters's complaint and, when consistent with the complaint, the

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

assertions in her responses to the motions. See *Smith v. Dart*, 803 F.3d 304, 309, 311 (7th Cir. 2015). Peters is an Illinois citizen who owned a home in Iowa subject to a mortgage that was purchased by Wells Fargo, a California corporation with its principal place of business in California. Cassandra Haller, an Iowa citizen, brokered Peters's mortgage contract. Peters alleges that Haller did not update her when Wells Fargo purchased the mortgage or say how its purchase affected her monthly payments. When Peters refused to pay more than she thought she owed, but less than what Wells Fargo expected, the bank foreclosed on her home. In an Iowa state court, David Erickson, an Iowa attorney, represented Wells Fargo. He is not licensed in Illinois and has no business there. To contest foreclosure, Peters wrote to Timothy Sloan, the chief executive officer of Wells Fargo and a California citizen. She complained to him about the bank's charges and the foreclosure suit, but he did not respond. Because of the foreclosure judgment, Peters lost her home and virtually all her possessions. She then moved to Illinois.

This suit came next. Peters filed it in the Central District of Illinois, invoking diversity jurisdiction. Erickson (the Iowa lawyer) and Sloan (the CEO in California) moved to dismiss for lack of personal jurisdiction, and the court granted their motions. Although Haller, the broker, also might have raised a personal jurisdiction defense, the court said that she waived it by not raising it in her first responsive pleading. Nonetheless, because the court agreed with Sloan that Peters failed to state a claim and that venue was improper, the court dismissed the case against all the defendants.

On appeal, Peters contests the validity of the foreclosure judgment, arguing that she did not contract with Wells Fargo. But she cannot use this suit to ask a federal court to review and correct an adverse state-court judgment. *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923). So subject-matter jurisdiction is limited to claims about events that occurred *before* Wells Fargo initiated the foreclosure action. See *Mains v. Citibank, N.A.*, 852 F.3d 669, 675–76 (7th Cir. 2017).

For those claims within federal subject-matter jurisdiction, the district court properly dismissed them. We address personal jurisdiction first. Federal courts follow the forum state's law regarding personal jurisdiction. *Walden v. Fiore*, 571 U.S. 277, 283 (2014). Illinois authorizes its courts to exercise jurisdiction over an out-of-state defendant only when that defendant has "minimum contacts with the forum state such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Philos Techs., Inc. v. Philos & D, Inc.*, 802 F.3d 905, 912–13 (7th Cir. 2015) (brackets and citations omitted). Personal jurisdiction comes in two forms. For

"general," "all-purpose" jurisdiction, the defendant's "continuous and systematic" contacts must put him "at home" in the forum state. *Daimler AG v. Bauman*, 571 U.S. 117, 126–27, 137 (2014). For "specific" personal jurisdiction, the defendant's connections to forum state must give rise to the events that form the basis of the suit. *Id.* at 127.

Peters argues that the district court had personal jurisdiction over Erickson and Sloan, but neither type of personal jurisdiction applies to them. She observes that Wells Fargo operates in all fifty states and contends that its CEO Sloan and its lawyer Erickson are thus liable for the company's actions. But even though Wells Fargo may have regular contacts with Illinois, Erickson and Sloan are only its agents; Wells Fargo's contacts do not extend to them. See *In re Teknek, LLC*, 512 F.3d 342, 345 (7th Cir. 2007). Furthermore, neither Erickson's personal actions (as a lawyer in Iowa) nor Sloan's activities (receiving messages in California from Peters) created contacts with Illinois. See *Walden*, 571 U.S. at 284–85. Thus, the district court did not have general or specific jurisdiction over them. See *Bristol-Myers Squibb Co. v. Superior Court of Cal.*, 137 S. Ct. 1173, 1781 (2017); *Daimler AG*, 571 U.S. at 139.

The district court also rightly found venue improper. See *Cont'l Ins. Co. v. M/V Orsula*, 354 F.3d 603, 608 (7th Cir. 2003). The defendants do not all reside in Illinois, see 28 U.S.C. § 1391(b)(1); the mortgage execution, payments, and the foreclosure occurred in Iowa, see *id.* § 1391(b)(2); and Peters could have brought this action in Iowa or California, see *id.* § 1391(b)(3).

Dismissals for lack of personal jurisdiction and venue ordinarily are without prejudice, but the district court also dismissed the suit for failure to state a claim, thereby precluding Peters from refiling it in any forum. Even if we are wrong about the personal jurisdiction and venue points, we may—and do—affirm the dismissal with prejudice on another ground that appears in the record. *UWM Student Ass'n v. Lovell*, 888 F.3d 854, 859 (7th Cir. 2018). This suit was blocked on the merits by the defense of preclusion. Although the defendants did not raise this defense, in the interest of judicial economy and to promote comity between state and federal courts, we may do so. *Sanchez v. City of Chicago*, 880 F.3d 349, 357–58 (7th Cir. 2018). The issues that Peters raises—that she had no contract with Wells Fargo and that the defendants wrongly tried to collect payments from her—were potential defenses to the foreclosure action. Therefore, she was required to raise them in that suit. See *Mains*, 852 F.3d at 676. Because she did not do so, the preclusive effect of the foreclosure judgment justified dismissal of this suit on the merits. See *id.*

AFFIRMED