**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2010
_____

In re: 40 LAKEVIEW DRIVE, LLC, Debtor

GRACE S. WONG,
Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civil Action No. 2-17-cv-05643)
District Judge: Honorable Jose L. Linares

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 24, 2019
Before: CHAGARES, BIBAS and GREENBERG, Circuit Judges

(Opinion filed: June 26, 2019)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Grace Wong, proceeding pro se, appeals an order of the United States District Court for the District of New Jersey affirming orders of the United States Bankruptcy Court. For the reasons that follow, we will affirm.

In 2015, 40 Lakeview Drive, LLC filed a Chapter 11 bankruptcy petition. The case was converted to Chapter 7. The Trustee moved to compel Grace Wong, the managing member of 40 Lakeview Drive, LLC, to turn over keys and any alarm codes that may be needed to obtain access to property located at 16 Avenue A, Mahwah, New Jersey. The Trustee filed the motion pursuant to 11 U.S.C. § 542(a), which requires an entity, other than a custodian, in possession, custody, or control of property that the Trustee may sell to deliver that property to the Trustee. The Bankruptcy Court had previously authorized the Trustee to retain a realtor to assist in the sale of the property. The Bankruptcy Court held a hearing and granted the Trustee's motion on June 29, 2017. The Court ordered Wong to deliver to the Trustee within three days "all keys, alarm codes and anything else reasonably necessary to gain access" to the property.

Wong did not comply and the Trustee moved to hold her in contempt of court. After a hearing, the Bankruptcy Court issued an order dated July 25, 2017 holding Wong in civil contempt and fining her $100.00 per day for each day thereafter that she, or any party in her control (including counsel for 40 Lakeview Drive, LLC) with possession of the keys, codes, and/or anything else reasonably necessary to gain access to the property, fails to turn over the items to the Trustee. The Bankruptcy Court also ordered Wong to

2

pay the Trustee's counsel fees in the amount of $2,500.00. The Court authorized the Trustee to change the locks and any codes at the property and to seek the assistance of the United States Marshall if Wong did not comply within five days.

Wong did not turn over the keys and the Trustee moved for an order detailing the scope of assistance that could be provided by the United States Marshall if assistance was required. After a hearing, the Bankruptcy Court issued an order on August 9, 2017 stating, among other things, that if a locksmith could not provide access to the property, the United States Marshall may assist with the use of force. On August 17, 2017, the Bankruptcy Court issued a supplemental opinion addressing the order.

Wong appealed the July 25, 2017 contempt order and the August 9, 2017 order detailing the scope of assistance that could be provided by the United States Marshall. The District Court affirmed both orders. The District Court deemed the appeal of the August 9, 2017 order abandoned because Wong did not advance any arguments regarding the order in her brief. The District Court also found that the Bankruptcy Court did not abuse its discretion in holding Wong in civil contempt of court because there was a valid court order directing her to turn over the keys and codes, Wong had knowledge of the order, and she did not comply with it. This appeal followed.

We have jurisdiction over an appeal of a District Court order affirming a Bankruptcy Court order holding a non-party in civil contempt. See In re Teknek, LLC, 512 F.3d 342, 344–45 (7th Cir. 2007). Because the District Court sat as an appellate

3

court, we review the Bankruptcy Court's legal determinations de novo, its factual findings for clear error, and its exercises of discretion for abuse thereof. In re Goody's Family Clothing Inc., et al., 610 F.3d 812, 816 (3d Cir. 2010). The imposition of civil contempt is reviewed for abuse of discretion. Harris v. City of Philadelphia, 47 F.3d 1311, 1321 (3d Cir. 1995).[1]

Wong presents two arguments for our review. First, she contends that the Bankruptcy Court could not order her to hand over the keys and alarm codes because she has no control over the tenants and counsel for 40 Lakeview Drive, LLC, who possessed these items. As recognized by the District Court, to the extent Wong challenges the June 29, 2017 order requiring her to deliver the keys and codes, that order is not before us. See Marshak v. Treadwell, 595 F.3d 478, 486 (3d Cir. 2009) (a party who is alleged to be in contempt of an order may not challenge the merits of that order within the contempt proceedings).[2]

Wong also asserts that the Bankruptcy Court erred in holding her in contempt because she has no control over the tenants and counsel for 40 Lakeview Drive, LLC, who possessed the keys and codes. A person is liable for civil contempt where a valid

---

[1]The Trustee argues that we should dismiss this appeal as moot. We conclude that he has not shown that we are unable to provide effective relief or that the doctrine of equitable mootness applies here. See In re Tribune Media Co., 799 F.3d 272, 277 (3d Cir. 2015).

[2]The District Court dismissed Wong's appeal of the June 29, 2017 order after she failed to timely file a brief. See D.N.J. Civ. No. 17-cv-05730.

4

court order existed, the person had knowledge of the order, and the person disobeyed it.

See Marshak, 595 F.3d at 485. To the extent Wong disputes that she disobeyed the order

because she was unable to comply with it, she has not shown that she could not comply.

Wong has not shown that the Bankruptcy Court erred in ruling at the hearing on the

contempt motion that as the managing member of 40 Lakeview Drive, LLC, she was able

to direct its counsel and/or the tenants of the property to turn over the keys. See generally

N.J. Stat. Ann. § 42:2C-37 (addressing management of limited liability companies).

Accordingly, we will affirm the order of the District Court.[3]

---

[3]Wong's motion for leave to file a supplemental appendix is granted.