**EAGLE BOOKS, INC., a Delaware corporation, d/b/a Urbana News, Plaintiff–Appellant,**

v.

**Thomas J. DIFANIS, in his capacity as State's Attorney of Champaign County, Illinois, Defendant–Appellee.**

No. 87–1564.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 9, 1987.

Decided April 28, 1989.

Before CUMMINGS and FLAUM, Circuit Judges, and GRANT, Senior District Judge.*

PER CURIAM.

Plaintiff, Eagle Books, Inc., owns and operates Urbana News, an adult bookstore in Urbana, Illinois, where sexually explicit material—magazines, paperback books, videotapes, motion picture films, and novelties—is sold to adults. Defendant Thomas J. Difanis, the State's Attorney of Champaign County, is in charge of prosecuting violations of civil and criminal statutes there on behalf of the state. At issue here is Difanis' enforcement of the statute which provides for abating a "public nuisance" through issuing injunctive relief to prohibit the operation of a business on premises declared to be a nuisance.[1]

In 1985, Difanis prosecuted Leila Howard and Joseph Swisher, Sr., two employees of Eagle Books, for violating the Illinois obscenity statute, Ill.Rev.Stat. ch. 38, ¶ 11–20. Following a September 1985 jury trial, Howard was acquitted and the charges against Swisher were dismissed after a mistrial. *People v. Howard and Swisher*, No. 85–CM–232 (Circuit Ct. Champaign County, Ill.1985).

On September 21, 1985, the State of Illinois enacted legislation under Public Act 84–787, amending Ill.Rev.Stat. ch. 38, ¶ 37–1, *et seq.*, "Maintaining Public Nuisances," to include within its scope offenses under ch. 38, ¶ 11–20, the Illinois Obscenity Act. On January 6, 1986, five

J. Steven Beckett, Reno, O'Byrne & Kepley, P.C., Champaign, Ill., for plaintiff-appellant.

Karen Rosenwinkel, Atty. Gen. Office, Chicago, Ill., for defendant-appellee.

* The Honorable Robert A. Grant, Senior District Judge for the Northern District of Indiana, is sitting by designation.

1. The statute says in relevant part:

37–1. *Maintaining public nuisance.*

Any buildings used in the commission of offenses prohibited by Sections ... 11–20 ... of the "Criminal Code of 1961" ... is a public nuisance.

\* \* \* \* \* \*

37–4. *Abatement of nuisance.*

[T]he State's Attorney ... may commence an action to abate a public nuisance as described in Section 37–1 of this Act, in the name of the People of the State of Illinois, in the circuit court. Upon being satisfied by affidavits or other sworn evidence that an alleged public nuisance exists, the court may without notice or bond enter a temporary restraining order or preliminary injunction to enjoin any defendant from maintaining such nuisance and may enter an order restraining any defendant from removing or interfering with all property used in connection with the public nuisance. If during the proceedings and hearings upon the merits, which shall be in accordance with [ch. 100 1/2, Para. 14, *et seq.*] the existence of the nuisance is established, and it is found that such nuisance was maintained ... the court shall enter an order restraining all persons from maintaining or permitting such nuisance and from using the building for a period of one year thereafter....

days after this nuisance legislation took effect, Eagle Books filed this action for declaratory and equitable relief under 42 U.S.C. § 1983 and the First and Fourteenth Amendments, claiming that the statute impeded its right to offer freely its sexually explicit materials for sale to its adult customers and that the statute constituted a prior restraint on the bookseller's rights of free speech. The defendant had in the past, under the provisions of Ill.Rev.Stat. ch. 38, ¶ 37–1, *et seq.* obtained preliminary injunctions to close businesses deemed public nuisances under the statute. However, he has never sought to close an adult bookstore as a public nuisance.

The district court accepted part of plaintiff's claim and determined on October 17, 1986, that the statute was unconstitutional to the extent it provided for *ex parte* suppression of expression prior to any final adjudication that the speech was obscene. The defendant was thereby enjoined from enforcing the statute unless a court first judicially determined that the plaintiff was guilty of obscenity under Illinois law.

Eagle Books, in a motion for reconsideration under Fed.R.Civ.P. 59, asserted that the entire statute was invalid. The district court disagreed, and instead held that by excising the *ex parte* provisions, the statute was constitutionally permissible. Eagle Books has appealed from the March 11, 1987, denial of its motion. We now hold that its appeal must be dismissed for lack of standing.

After oral argument we decided to withhold disposition until the Illinois Supreme Court rendered its decision in *State of Illinois v. Sequoia Books*, 127 Ill.2d 271, 130 Ill.Dec. 235, 537 N.E.2d 302 (1989). There the State, acting pursuant to the statute here in question, obtained an injunction against the owner of an adult bookstore. On review, the Illinois Supreme Court determined that Section 37–4 violated the First Amendment to the federal Constitution,[2] and that Section 37–1, insofar as it was inconsistent with the court's reasoning regarding Section 37–4, was also unconstitutional.[3] As a result of the Illinois Supreme Court's determination, enforcement of the statute against Eagle Books cannot proceed, so that it no longer has standing to press its claim. When an appellant lacks standing, Article III of the federal Constitution mandates that the claim be dismissed for want of jurisdiction.

In order to have standing, a plaintiff "must show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant; and that the injury is likely to be redressed by a favorable decision." *Heckler v. Mathews*, 465 U.S. 728, 104 S.Ct. 1387, 79 L.Ed.2d 646 (1984). Eagle Books has been divested of standing by the Illinois Supreme Court's decision in *Sequoia Books*. Since the statute from which Eagle Books was seeking relief has been held unconstitutional by the state supreme court, Eagle Books is no longer under threat of injury. Any decision by this Court would essentially be meaningless, for the State is bound by its highest court's determination and is no longer able to enforce the statute.[4]

We must decline to decide Eagle Books' appeal on the same rationale as in *Oriental Health Spa v. City of Fort Wayne*, 864 F.2d 486 (7th Cir.1988). Oriental Health Spa also sued for declaratory relief from a statute regulating the licensing of massage parlors. But the spa had been granted a license and was never threatened with revocation. Thus it had suffered no injury, nor was it threatened with any. Therefore there were simply no issues ripe for review.

---

**2.** "[S]ection 37–4 of the Criminal Code of 1961 is unconstitutional as applied to properties which have been adjudicated, or are asserted, to be nuisances solely on account of their use in the commission of the offense of obscenity under section 11–20 of the Criminal Code of 1961." 127 Ill.2d at 293, 130 Ill.Dec. at 246, 537 N.E.2d at 313.

**3.** See note 1 *supra* for text of Sections 37–1 and 37–4.

**4.** Of course, if the Supreme Court of the United States ruled otherwise, its decision would control by virtue of the Supremacy Clause.

Similarly Eagle Books, which at one time was threatened with injury and thus initially had standing, is no longer so threatened. The supervening change in the law as announced by the Illinois Supreme Court has rendered the statute unenforceable. Consequently, there is no live issue before us.

The appeal is dismissed and the judgment below is vacated with instructions to dismiss the action.[5]

**5.** See *United States v. Munsingwear,* 346 U.S. 36, 39.