In the

# United States Court of Appeals
### For the Seventh Circuit

No. 15-2496

TAMARA SIMIC,

*Plaintiff-Appellant,*

*v.*

CITY OF CHICAGO,

*Defendant-Appellee.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 15-cv-00019 — **Sharon Johnson Coleman**, *Judge.*

ARGUED FEBRUARY 16, 2016 — DECIDED MARCH 20, 2017

Before POSNER, WILLIAMS, and HAMILTON, *Circuit Judges.*

HAMILTON, *Circuit Judge.* On November 7, 2014, plaintiff
Tamara Simic was driving in Chicago and texting on her cell
phone. A police officer issued her a ticket because texting
while driving violates a Chicago ordinance. Simic failed to
pay the ticket, and the City took steps to collect a fine. Simic
then sued the City, claiming that the ordinance is unconstitu-
tional. She moved for a preliminary injunction to halt enforce-
ment of the ordinance throughout Chicago, but the City then

non-suited its case against her. The district court denied Simic's motion for an injunction, and Simic has appealed.

We affirm the district court's denial of Simic's motion for a preliminary injunction for two reasons. Simic did not face any threat of irreparable harm. Also, without assessing her likelihood of success on the merits of her constitutional arguments, it appears that Simic lacks Article III standing for the relief she seeks. Once our mandate issues, the district court should consider dismissing Simic's lawsuit for lack of jurisdiction.

I.  *Factual and Procedural Background*

A 2005 Chicago ordinance prohibits drivers from using handheld mobile telephones while operating their vehicles. Chic. Mun. Code § 9-76-230. On November 7, 2014 a Chicago police officer ticketed Simic for violating the ordinance. The ticket directed Simic to appear for a hearing or to pay a $100 fine by mail. Simic did neither. The Chicago Department of Administrative Hearings entered a default judgment against her for $540. As the ticket had warned, $500 was the maximum fine for Simic's infraction and $40 was for administrative costs.

Simic did not dispute that she was texting while driving; instead she challenged the constitutionality of the Chicago ordinance. She sued the City on January 3, 2015, seeking declaratory and injunctive relief and monetary damages in excess of one million dollars. She alleged that Chicago's cell phone ordinance violates the Fourteenth Amendment's Due Process Clause and the Eighth Amendment's Excessive Fines Clause. She also alleged several state-law claims and sought certification of a plaintiff class.

Simic's main theory is that the ordinance somehow violates the United States Constitution because it exceeds the powers the State of Illinois has granted to the City of Chicago. Illinois prevents municipalities from creating ordinances regarding certain traffic offenses, such as those offenses in the Illinois Vehicle Code. See 65 ILCS 5/1-2.1-2. The Illinois Vehicle Code contains a prohibition on cell phone use while driving. 625 ILCS 5/12-610.2 (prohibiting a person from operating "a motor vehicle on a roadway while using an electronic communication device"). Simic argues that Chicago's cell phone ordinance is preempted by the Illinois statute. See *Catom Trucking, Inc. v. Chicago*, 952 N.E.2d 170, 175–76 (Ill. App. 2011) (holding city could not enforce through administrative adjudication a city ordinance limiting vehicle weight). The Illinois statute on cell phone use while driving caps the amount a driver may be fined: "A person who violates this Section shall be fined a maximum of $75 for a first offense, $100 for a second offense, $125 for a third offense, and $150 for a fourth or subsequent offense." *Id.*

How such an issue of state law presents a federal constitutional issue remains something of a mystery. Simic's theory seems to be that Chicago's fines are both "excessive and disproportionate to the gravity of the offense" and imposed without authority under state law, from which she concludes that the city's fines violate the Excessive Fines Clause of the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment. As explained below, however, Simic's case runs into trouble at the preliminary level of standing.

On January 23, 2015, after Simic filed her motion for a preliminary injunction, the Department granted Simic's motion

to set aside the default judgment in her state case and continued her case until March 11, 2015. On May 18, after several agreed continuances, the city non-suited the administrative proceeding. Simic never paid any money for violating the Chicago ordinance, and she is no longer liable for the fine.

On June 24, 2015, the district court denied Simic's motion for a preliminary injunction because she failed to show a threat of irreparable injury and because her prospects for success on the merits were "doubtful." There was no threat of irreparable harm because "the very nature of Simic's claim that the $500 fine is excessive necessarily means that her complaints can be remedied by monetary damages, and thus, there exists an adequate remedy at law." Simic was unlikely to prevail on the merits, the court said, because Chicago is a home rule unit of government so that state law does not preempt the ordinance. Simic appealed the denial of an injunction.

II. *Analysis*

We have jurisdiction under 28 U.S.C. § 1292(a)(1) to review the district court's denial of a preliminary injunction. We affirm the denial. The district court correctly found that Simic failed to show any threat of irreparable harm, and we agree with the court's explanation. At worst, Simic faced the threat of a $540 assessment as a fine and court costs, so a damages remedy would be sufficient to remedy any harm. In addition, without delving further into the merits of her constitutional claim, it is apparent that Simic lacks standing to assert her federal claims, meaning that subject matter jurisdiction is lacking. A district court has jurisdiction to decide its jurisdiction, so it can address a motion for a preliminary injunction without making a conclusive decision about whether it has subject

matter jurisdiction. Yet issues of subject matter jurisdiction are always on the table in federal courts, including appeals from grants or denials of preliminary injunctions. See *Munaf v. Green*, 553 U.S. 674, 691 (2008). Simic does not have standing to seek injunctive relief, and she seems unable to show any injury in fact to support her claim for damages.

A.  *Standing to Seek Injunctive Relief*

To invoke federal jurisdiction, Simic must have standing, which is a short-hand term for the right to seek judicial relief for an alleged injury. See *Susan B. Anthony List v. Driehaus*, 573 U.S. —, —, 134 S. Ct. 2334, 2341 (2014). To have standing, a plaintiff must allege and ultimately show: (1) an injury in fact, (2) a sufficient causal connection between the injury and the conduct complained of, and (3) a likelihood that the injury will be redressed by a favorable decision. *Id.* A plaintiff bears the burden of showing that she has standing for each form of relief sought. *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 185 (2000). For Simic's case to survive, she must show that she has standing to seek either injunctive relief or damages, or both.

To have standing for prospective injunctive relief, a plaintiff must face a "real and immediate" threat of future injury as opposed to a threat that is merely "conjectural or hypothetical." *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983) (internal quotation marks omitted); see also *Robinson v. Chicago*, 223 F.3d 440, 444–45 (7th Cir. 2000). Unlike with damages, a past injury alone is insufficient to establish standing for purposes of prospective injunctive relief: "Past exposure to illegal conduct does not in itself show a present case or controversy re-

garding injunctive relief … if unaccompanied by any contin-uing, present adverse effects." *Lyons*, 461 U.S. at 95–96, citing *O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974).

Simic's claimed threat of future injury is conjectural. The threat is contingent upon her once again driving while using her cell phone and receiving a citation under the Chicago or-dinance. This hypothetical scenario would also require her to violate a separate law that she does not challenge—the Illinois statute that prohibits using cell phones while driving. 625 ILCS 5/12-610.2.

For purposes of standing to seek injunctive relief against future harm, courts generally assume that litigants "will con-duct their activities within the law and so avoid prosecution and conviction." *O'Shea*, 414 U.S. at 497. That assumption surely holds with respect to obeying laws that are not them-selves the target of a party's constitutional challenge, as was the case in *O'Shea* and is the case here.

We hope, and in any event we must assume, that Simic does not have concrete plans to violate Illinois law by using her cell phone while driving in Chicago. That fact undermines her standing to seek injunctive relief. "General assertions or inferences that in the course of their activities respondents will be prosecuted for violating valid criminal laws" cannot form the basis for allegations of real and immediate future in-jury sufficient to confer standing. *O'Shea*, 414 U.S. at 497; see also *Lyons*, 461 U.S. at 109–10 (plaintiff lacked standing to seek injunction against future police use of chokehold; he could only speculate that he would be subjected to illegal chokehold again in course of possible future confrontation with police).

If Simic were claiming a constitutional right to drive while using her cell phone, our standing analysis would be different, although it is difficult to imagine how such a claim would succeed on the merits. A person is not necessarily required to risk prosecution in order to challenge a law's validity. See, e.g., *Holder v. Humanitarian Law Project*, 561 U.S. 1, 15 (2010); *American Civil Liberties Union v. Alvarez*, 679 F.3d 583, 590–91 (7th Cir. 2012). But Simic makes no such claim here. Any future injury would require her to violate an Illinois statute of unquestioned validity.

B. *Standing to Seek Damages*

Simic also seems to have no viable claim for damages because she has alleged no injury. Simic won in the state proceedings. The default judgment was set aside and the city later dismissed the case. Simic paid no fine. Her due process rights could not have been violated by merely issuing the citation that called upon her to defend herself. The citation gave her the very notice and opportunity to be heard that are the essence of due process of law.

There are some exceptions to this injury analysis in extreme situations, such as where a government official harasses a particular person by repeatedly bringing charges and then dismissing them or a government official acts without a colorable legal basis. See, e.g., *Geinosky v. Chicago*, 675 F.3d 743 (7th Cir. 2012) (pattern of harassing parking tickets issued against plaintiff). There is no claim of such repeated harassment in this case, and the ticket was issued under a facially valid ordinance.

Simic alleged that the ordinance's fine violated the Eighth Amendment's Excessive Fines Clause and the Fourteenth

Amendment's Due Process Clause. Whether the Eighth Amendment's Excessive Fines Clause even applies to state and local governments is an open question. See *McDonald v. Chicago*, 561 U.S. 742, 765 n.13 (2010) (noting question is open). If it does apply, the Excessive Fines Clause "limits the government's power to extract payments, whether in cash or in kind, as punishment for some offense." *United States v. Bajakajian*, 524 U.S. 321, 328 (1998) (citation and internal quotation marks omitted). But in this case Chicago has not extracted any payment from plaintiff and no longer seeks to do so. Simic's Fourteenth Amendment due process claim requires a deprivation of property, *Kerry v. Din*, 576 U.S. —, —, 135 S. Ct. 2128, 2132 (2015), but she has not been deprived of any property. She did not pay any money to Chicago and she is no longer liable for this ticket. On her Eighth or Fourteenth Amendment claims, there is no injury for a federal court to redress with damages.

The fact that Simic litigated her ticket in the Chicago administrative court does not provide a redressable injury. Having to defend oneself in a legal proceeding ordinarily does not give rise to a redressable injury. For example, undergoing trial in a criminal prosecution does not give rise to a due process violation. See *Alexander v. McKinney*, 692 F.3d 553, 557 n.2 (7th Cir. 2012) ("It would be anomalous to hold that attending a trial deprives a criminal defendant of liberty without due process of law, when the purpose of the trial is to *effectuate* due process."). Whether being prosecuted and tried without probable cause gives rise to a federal constitutional claim is a controversial issue, as shown by the multiple opinions in *Albright v. Oliver*, 510 U.S. 266 (1994). Simic has no arguable claim along even those lines, however, since the citation was issued

and the fine initially assessed on the basis of undisputed probable cause to believe she violated a facially valid city ordinance.

For essentially the same reasons, Simic's claim for declaratory relief does not provide a case or controversy. In determining whether a claim for declaratory relief presents a case or controversy under Article III of the Constitution, "basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Preiser v. Newkirk*, 422 U.S. 395 (1975) (citation and internal quotation marks omitted; emphasis omitted); see also *Alvarez v. Smith*, 558 U.S. 87, 93 (2009) (claim for declaratory and injunctive relief moot because it was "an abstract dispute about the law, unlikely to affect these plaintiffs any more than it affects other Illinois citizens").

Simic's lack of standing to seek injunctive relief also means that she may not seek that relief on behalf of the putative class she alleged in her complaint. *O'Shea*, 414 U.S. at 494. Similarly, Simic may not seek damages or declaratory relief on behalf of a not-yet-certified class. *Board of School Comm'rs of City of Indianapolis v. Jacobs*, 420 U.S. 128, 129–30 (1975) (per curiam).

We AFFIRM the denial of a preliminary injunction. Consistent with this opinion, the district court should consider dismissing Simic's suit for lack of subject matter jurisdiction.