NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued February 28, 2018
Decided April 24, 2018

**Before**

DANIEL A. MANION, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 17-2766

| | |
|---|---|
| JASON J. MARAMAN,<br>    *Plaintiff-Appellant*,<br><br>    *v.*<br><br>CITY OF CARMEL, INDIANA, et al.,<br>    *Defendants-Appellees*. | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division.<br><br>No. 1:16-cv-01373-TWP-MPB<br><br>Tanya Walton Pratt,<br>*Judge*. |

**O R D E R**

Jason Maraman successfully challenged in state court a speeding ticket from the City of Carmel, Indiana. He then brought this Fourth and Fourteenth Amendment suit against the City and the officer who issued the ticket. The district court concluded that Maraman's suit presented no substantial federal question and dismissed it for lack of subject-matter jurisdiction. Maraman's suit encounters many roadblocks, so we affirm.

We take the facts from Maraman's amended complaint and from the available state-court records, of which we may take judicial notice. *See Ennenga v. Starns*, 677 F.3d 766, 773–74 (7th Cir. 2012). Maraman, a resident of Marion County, was stopped for speeding by Officer Scott Spillman in Carmel (a city in Hamilton County, Indiana)

during the summer of 2014. The resulting speeding ticket charged Maraman with driving 30 miles per hour in a 20-mph zone in violation of a local ordinance. Officer Spillman told Maraman during the stop that traffic laws were enforced "differently" in Hamilton County than in Marion County.

Maraman moved to dismiss the ticket on the ground that the City's ordinance duplicated a state law in violation of Indiana Home Rule principles. The state trial court denied Maraman's motion and held a bench trial. Officer Spillman testified that he observed Maraman travelling 35 mph after passing a sign posting a speed limit of 20 mph. Maraman testified that he was not going 35 mph but did not dispute that he passed the sign. The judge found that Maraman exceeded the speed limit in a 20-mph zone.

Maraman appealed, renewing his argument that the City's ordinance illegally duplicated state law. The Indiana Court of Appeals agreed with him, reversed the trial court's judgment, and held the City's ordinance invalid. *See Maraman v. City of Carmel*, 47 N.E.3d 1218, 1222–24 (Ind. Ct. App. 2015). Maraman then moved the appellate court for $250 in litigation costs or, in the alternative, $250 in unspecified "damages." The City said it did not object to an award of $250 to close the case. The court granted Maraman's motion "in part" but did not specify whether the award was for "costs" or for "damages."

This lawsuit followed. Maraman claimed that he was stopped "without just cause" in violation of his Fourth Amendment right to be free from unreasonable searches and seizures and his Fourteenth Amendment "right to travel" outside Marion County. (He also raised other claims, including some against a prosecutor that he abandons here.) He sought an injunction barring the defendants "from enforcing city ordinances which illegally duplicate state law" plus unspecified money damages.

The defendants moved to dismiss Maraman's amended complaint, arguing that a claim that a state actor violated or will violate state law does not invoke federal-question jurisdiction, that the request for an injunction was moot in any event because the ordinance affecting him had already been invalidated, and that any claim for money damages was moot because Maraman had already received the entire monetary award he sought from the state appellate court. Maraman argued that his allegations were "sufficient" but did not address the defendants' argument that he really was seeking to enforce Indiana's Home Rule law.

The district judge dismissed Maraman's complaint. She first concluded that Maraman had effectively conceded that his amended complaint did not contain a federal question because he did not respond to the defendants' argument on that point. And even if he had not conceded the point, the judge continued, his complaint simply did not present a federal question. Maraman's claims also were moot, the judge added, because the ordinance already had been invalidated and Maraman had received the money he sought in state court.

Because Maraman purported to waive a number of issues in his appellate brief, we asked him at oral argument to clarify the relief that he seeks. Maraman told us that he wants punitive damages against the City and enforcement of an injunction that the City already faces requiring Carmel to record traffic stops. Maraman cannot seek punitive damages against Carmel. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981); *Minix v. Canarecci*, 597 F.3d 824, 830 (7th Cir. 2010). And we explained that if Maraman wants an existing injunction from a separate suit enforced, he should go to the court administering that injunction. We could end there, but we will address the propriety of the district judge's dismissal.

The district judge's first reason for granting the motion to dismiss was that by failing to respond to the defendants' relevant arguments, Maraman waived any contention that his amended complaint raised a federal question. On appeal he addresses the ultimate merits of the judge's decision that his complaint lacks a federal question but does not address the antecedent issue of his failure to raise his arguments in the district court at the right time. We could affirm on the ground of waiver. *See Rahn v. Bd. of Trs. of N. Ill. Univ.*, 803 F.3d 285, 290–91 (7th Cir. 2015) (declining to address an underlying argument that the district court found had been waived because the appellant did not address waiver on appeal); *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 464–65 (7th Cir. 2010) (affirming dismissal of a complaint where the appellant largely ignored the district court's holding on waiver and instead argued underlying merits).

Maraman's suit has additional insuperable problems. The request for injunctive relief is barred by the doctrine of mootness. Because the ordinance that Maraman was cited for violating has been invalidated by his state appeal, *see Maraman*, 47 N.E.3d at 1222–24, there is no need for an injunction against it. That means the request for injunctive relief is moot. *See Thayer v. Chiczewski*, 705 F.3d 237, 256 (7th Cir. 2012); *Eagle Brooks, Inc. v. Difanis*, 873 F.2d 1040, 1042 (7th Cir. 1989).

The next problem is standing. Maraman lacks standing to challenge other ordinances because his threat of future injury is conjectural. *See Simic v. City of Chicago*,

851 F.3d 734, 738 (7th Cir. 2017). Based on Maraman's allegation that the other ordinances duplicate state law, any threat that he will be injured is contingent on his driving through the City in a manner prohibited by state law. When deciding who has standing to seek injunctive relief, courts assume that parties "will conduct their activities within the law and so avoid prosecution and conviction." *O'Shea v. Littleton*, 414 U.S. 488, 497 (1974). Because we assume that Maraman does not have concrete plans to violate Indiana state laws—which he does not allege are invalid—he lacks standing to seek injunctive relief. *See Simic*, 851 F.3d at 738–39.

All that remains is Maraman's claim for money. That claim raises a Fourth Amendment question, but it fails on the merits. Unlike the plaintiffs in *Lennon v. City of Carmel*, 865 F.3d 503, 508–09 (7th Cir. 2017), who sued the City for citing them under the same ordinance that Maraman challenged but did not allege that they were stopped without probable cause, Maraman claimed that he was stopped without probable cause. *See Tapley v. Chambers*, 840 F.3d 370, 377 (7th Cir. 2016); *Jones v. City of Elkhart*, 737 F.3d 1107, 1114–15 (7th Cir. 2013). But Maraman does not contest that he violated the posted limit; he contends only that the limit was invalid under Indiana's Home Rule law. An officer who reasonably but mistakenly relies on a law later determined to be invalid has probable cause for a lawful stop. *See Heien v. North Carolina*, 135 S. Ct. 530 (2014); *Tapley*, 840 F.3d at 377; *Jones*, 737 F.3d at 1114–15. Also, precisely because Carmel's ordinance duplicated a statewide law, we can be sure that if Maraman violated the ordinance, he also violated state law. And it is irrelevant that Maraman alleged that Officer Spillman stopped him in part for having a car registered in Marion County. Officer Spillman's subjective motives for the stop are irrelevant to probable cause. *See Whren v. United States*, 517 U.S. 806, 813 (1996). Finally, as for the City, it cannot be held liable because there was no underlying violation of Maraman's constitutional rights. *See Jones*, 737 F.3d at 1115.

Maraman also fails to state a Fourteenth Amendment claim. Violations of state law do not by themselves violate that Amendment. *See Lennon*, 865 F.3d at 508–09; *Whitman v. Nesic*, 368 F.3d 931, 935 n.1 (7th Cir. 2004). And Maraman has no liberty interest in speeding in violation of state law. *See Mann v. Vogel*, 707 F.3d 872, 877 (7th Cir. 2013) (explaining that a plaintiff must allege "cognizable liberty interest" under Fourteenth Amendment). Finally, whatever Maraman has in mind by a "right to intrastate travel," it does not exempt him from valid state speed limits. Nor does such a right forbid enforcing speeding laws against "outsiders."

Because Maraman's complaint alleged a federal claim that fails on the merits, we modify the dismissal of his monetary claims to a dismissal with prejudice. In all other respects, the judgment of the district court is AFFIRMED.