NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued August 7, 2018
Decided August 16, 2018

**Before**

MICHAEL S. KANNE, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 17-3217

| | |
|---|---|
| TAMARA SIMIC, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 1:15-cv-00019 |
| CITY OF CHICAGO, | |
| *Defendant-Appellee*. | Sharon Johnson Coleman, *Judge*. |

**O R D E R**

Tamara Simic received a ticket and $100 fine for texting while driving in Chicago. After failing to pay the fine or appear for a hearing, the City obtained a $540 default judgment against her, reflecting the maximum fine of $500 plus $40 in administrative costs. Simic then sued the City of Chicago, alleging that enforcement of Chicago's cell phone ordinance violated her rights under the United States Constitution and Illinois law. She also sought over $1 million in damages, certification of a plaintiff class, and a preliminary injunction to prevent enforcement of the ordinance throughout Chicago. The City then non-suited the case, thereby eliminating Simic's obligation to pay any judgment or fine or otherwise respond to the original ticket. Simic never paid any

money. The district court denied Simic's motion for a preliminary injunction, and we affirmed, explaining not only that "Simic does not have standing to seek injunctive relief" and "seems unable to show any injury in fact to support her claim for damages," but also that her "claimed threat of future injury is conjectural." *Simic v. City of Chicago*, 851 F.3d 734, 738 (7th Cir. 2017).

We closed our prior opinion by encouraging the district court to "consider dismissing Simic's suit for lack of subject matter jurisdiction." *Id*. at 740. After receiving briefing on the question, the district court granted the City's motion to dismiss, reasoning that the City's dismissal of the original action to enforce the ticket left Simic without any injury to sustain subject matter jurisdiction in federal court.

Simic has appealed again, reiterating the arguments she raised in her first appeal. Indeed, as best we can tell, nothing has changed: the City has not reinstated any administrative action; Simic owes no fine for the original infraction; and her points about the possibility of a future infraction rest on the same conjecture that led to the denial of her motion for a preliminary injunction and, ultimately, dismissal of her lawsuit.

In these circumstances, we lack subject matter jurisdiction. Even entertaining the assumption that Simic may have had standing on the day she filed her complaint challenging the City's ordinance, any injury entirely dissipated with the City's non-suit. And settled law prevents us from speculating that Simic may be ticketed at some point in the future for texting while driving within the City of Chicago. See *City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983); see also *Capeheart v. Terrell*, 695 F.3d 681, 684-85 (7th Cir. 2012). Indeed, it is this necessity to speculate about future injury—to somehow conclude that the conduct Simic challenged in her original complaint can reasonably be expected to recur—that leads us to conclude that we have no live controversy before us. See *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974). Finally, Simic has said nothing in this second appeal to cause us to revisit our prior conclusion that, in these circumstances, she cannot bring claims on behalf of a class, whether ticketed in the past or not.

Accordingly, the judgment of the district court is **AFFIRMED**.