**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 19, 2019[*]
Decided February 25, 2019

**Before**

DIANE P. WOOD, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 18-1412

| | |
|---|---|
| ROBERT OLLIE, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Southern District of Illinois. |
| | |
| *v.* | No. 15-CV-1313-SMY-RJD |
| | |
| MICHAEL P. ATCHISON, *et al.,* | Staci M. Yandle, |
| *Defendants-Appellees.* | *Judge.* |

**O R D E R**

Robert Ollie, an inmate in the custody of the Illinois Department of Corrections, challenges the entry of summary judgment in his lawsuit asserting that prison officials denied him access to congregative religious services in violation of the First Amendment. Because Ollie is not entitled to any form of relief, we affirm the judgment.

---

[*] We agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2) (C).

We recount the facts in the record, construed in Ollie's favor. *Kemp v. Liebel*, 877 F.3d 346, 350 (7th Cir. 2017). While at Menard Correctional Center between 2010 and 2014, Ollie twice was found guilty of assaulting staff and disciplined with time in segregation. In segregation he was not allowed to attend congregative worship services. In early 2014 Ollie was transferred to Pontiac Correctional Center, where he remained in segregation and was again prohibited from attending congregative services. And in early 2015, he was transferred to Stateville Correctional Center, where he was removed from segregation. At Stateville Ollie was enrolled in the "Staff Assaulter/Weapons Violator Program," which entails some restrictions on movement, including a prohibition on attending congregative worship services. He since has been transferred to Hill Correctional Center, where he has resumed attending weekly services.

Ollie then sued six Department of Corrections officials under 42 U.S.C. § 1983, asserting that their ban on his attending congregative services violated his First Amendment right to free exercise of his religion. (He also asserted that the officials transferred him in retaliation for grievances he had filed, but he abandoned that claim in the district court, so we say nothing more about it.)

The parties filed cross-motions for summary judgment, and the district judge denied Ollie's motion and granted the defendants'. The judge analyzed Ollie's First Amendment claim under the test set forth in *Turner v. Safley*, 482 U.S. 78 (1987), and concluded that the defendants had shown a legitimate penological interest for the prison rule that bars inmates who have been placed in segregation or designated as a "staff assaulter" from attending congregative activities. The judge referred, specifically, to security and safety concerns relating to those inmates who have been prone to violent or adverse behavior. Ollie also had alternative means of exercising his religious beliefs, the judge pointed out, in the form of reading his bible and receiving religious counseling (i.e., visits from the prison chaplain or religious volunteers).

On appeal Ollie challenges the summary-judgment ruling on the ground that the judge inappropriately resolved a factual dispute in the defendants' favor when she determined that the ban on attending congregative services served a legitimate penological interest. He asserts, first, that he introduced evidence that inmates with the "staff assaulter" designation were able to access other nonworship communal spaces and, second, that the defendants introduced no evidence that inmates with the designation created safety or security issues.

Ollie cannot obtain the relief he seeks. First, he may not maintain a damages action under § 1983 against state officials in their official capacity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). To the extent Ollie sued the defendants in their individual capacities, the Prison Litigation Reform Act bars him from compensatory damages because—as he made clear in his deposition testimony—he suffered no "physical injury." 42 U.S.C. § 1997e(e); *Gray v. Hardy*, 826 F.3d 1000, 1007–08 (7th Cir. 2016).

Although § 1997e(e) does not bar Ollie's request for punitive damages and a declaratory judgment, *see Smith v. Peters*, 631 F.3d 418, 421 (7th Cir. 2011), neither remedy offers him relief. To receive punitive damages, he would have to show that the defendants' conduct was motivated by "evil motive or intent" or "reckless or callous indifference." *Smith v. Wade*, 461 U.S. 30, 56 (1983). The defendants' deposition testimony, however, reflects the contrary—that they were aware and respectful of inmates' First Amendment rights and of the alternative forms of religious exercise that prison policies provided for inmates who were not allowed to participate in congregative worship. And a declaratory judgment is appropriate "only when the court's ruling would have an impact on the parties." *Cornucopia Inst. v. U.S. Dep't of Agric.*, 560 F.3d 673, 676 (7th Cir. 2009). But here Ollie has been released from all restrictions on attendance at congregative services, and he even testified at his deposition that he attends services every week. For similar reasons, he is not eligible for prospective relief, especially because the likelihood of his returning to segregation is merely conjectural. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983); *Simic v. City of Chicago*, 851 F.3d 734, 738 (7th Cir. 2017).

Lastly, while it is true that § 1997e(e) permits nominal damages, Ollie did not request this relief in his amended complaint (filed while represented by counsel), and therefore it was never before the district court. Nor, for that matter, does he mention such relief in his brief on appeal. *Cf. Calhoun v. DeTella*, 319 F.3d 936, 943 (7th Cir. 2003).

                                                                                AFFIRMED