Gene F. BARANY and Helen L. Elliott, Plaintiffs-Appellants,

v.

John BULLER, et al., Defendants-Appellees.

No. 82–2738.

United States Court of Appeals, Seventh Circuit.

Argued April 5, 1983.

Decided May 11, 1983.

Richard G. McCracken, Davis, Cowell & Bowe, San Francisco, Cal., for plaintiffs-appellants.

J. Gregory Garrison, Garrison & Kiefer, P.C., Indianapolis, Ind., for defendants-appellees.

Before WOOD and CUDAHY, Circuit Judges, and WEIGEL, Senior District Judge.*

HARLINGTON WOOD, Jr., Circuit Judge.

This is an appeal from the district court's order denying plaintiffs, former members of the Credit Committee of the Barbers and Beauticians Federal Credit Union, declaratory judgment that they were unlawfully removed in September, 1979 from their elected, non-paying Credit Committee positions by defendants, members of the Credit Union's Board of Directors at the time of the complaint, in violation of the Federal Credit Union Act, 12 U.S.C. §§ 1751 et seq. Plaintiffs also sought injunctive relief compelling their reinstatement to their Credit Committee positions and damages for hu-

miliation and mental suffering in connection with their allegedly unlawful discharges; the district court rejected these claims as well. We affirm the district court's adverse finding with respect to damages but remand the injunctive and declaratory elements of the complaint to the district court and instruct it to dismiss those claims as moot in view of the expiration of the plaintiffs' elected Credit Committee office terms which they were allegedly entitled to at the time suit was filed, their failure to stand for re-election in the intervening four years, and the failure to demonstrate that the named defendants remain in a position to deprive plaintiffs of office in the future.

### I. Mootness

Under the Federal Credit Union Act and the By-laws of the Credit Union involved here, Credit Committee members were elected annually to their non-paying positions by the membership of the Credit Union, and could be removed by the Credit Union Supervisory Committee pending the approval of a majority of the membership. The By-laws of the Credit Union also provided that the Board of Directors could declare a Credit Committee member's position "vacant" if he "fails to perform any of the duties devolving upon him as a credit committee member. . . ." In 1979, during the plaintiffs' one year term, a policy dispute developed between plaintiffs and the then-Director defendants concerning the eligibility of loan applicants whose active union membership had expired; plaintiffs announced that they would refuse to abide by the defendants' policy of lending to former union members, as they contended that such a policy violated the charter of the Credit Union. The Board of Directors shortly thereafter declared plaintiffs' Credit Committee seats "vacant" for their failure to perform their duties, i.e. to follow Board policy, and appointed others in their place. Plaintiffs then sued for declaratory and injunctive relief seeking reinstatement to their posts, alleging that only the Supervisory Committee and the Credit Union mem-

* The Honorable Stanley A. Weigel, Senior District Judge for the United States District Court for the Northern District of California, is sitting by designation.

bership, not the Directors, possessed authority to discharge them over a bona fide policy dispute rather than a garden variety dereliction of duty, and that in any event the Board's substantive lending policy was unlawful.

█ Nearly four years have elapsed since plaintiffs' allegedly unlawful removal, during which time their terms of office have expired. Thus, the plaintiffs seek reinstatement of an entitlement which has since been dissolved by the normal democratic operation of the Credit Union. Moreover, during this interval several Credit Committee elections have taken place. In none of these elections did plaintiffs endeavor to preserve the currency of this dispute by attempting to electorally recover their former positions; nor did either of the plaintiffs specifically testify that they would seek election to the Committee in the future. In addition, one of the plaintiffs has since moved to, and obtained full-time employment in, Washington, D.C.; serving on the Credit Committee, an unremunerated position, would entail her appearance twice weekly in Indianapolis, Indiana for meetings, a prospect which is unlikely at best in spite of protestations to the contrary at oral argument. These facts indicate that plaintiffs' reinstatement and declaratory judgment claims are moot, for the expiration of their office terms dissolved their "personal stake" in the underlying controversy, *Socialist Labor Party v. Gilligan,* 406 U.S. 583, 589, 92 S.Ct. 1716, 1720, 32 L.Ed.2d 317 (1972), and any possible revival of the controversy's relevance (*i.e.,* through their running for office) rests on a mere "speculative contingency," *Burbank v. Twomey,* 520 F.2d 744, 748 (7th Cir.1975).[1]

We note further that, even if plaintiffs had testified that they would again seek election to their former Credit Committee positions, there is no evidence that they would again be deprived of their office over a policy disagreement. The defendants

here were sued in their individual capacity as Directors; the Credit Union itself was not joined nor were those who now hold the vacated positions. And it is the essence of plaintiffs' substantive claims that the lending policies announced by the defendants in their individual capacities rested on an idiosyncratic interpretation and were unlawful under the Credit Union charter, and that their removal of plaintiffs exceeded their power. There is no indication on the record that these defendants still occupy their directorial posts; to the contrary, plaintiffs did not contest defendants' assertion at oral argument that each defendant had been replaced on the Board through subsequent annual elections. Hence, the possibility that plaintiffs, even if reelected, would again be faced with a policy disagreement, or would be discharged by the Board of Directors over such disagreement, is a wholly speculative one. Accordingly, this court is without authority to pass on the merits of such a hypothetical dispute. *Socialist Labor Party v. Gilligan,* 406 U.S. 583, 589, 92 S.Ct. 1716, 1720, 32 L.Ed.2d 317 (1972); *Burbank v. Twomey,* 520 F.2d 744, 748 (7th Cir.1975); *Rabinowitz v. Board of Junior College District No. 508,* 507 F.2d 1255, 1256 (7th Cir.1974). On remand, therefore, the district court is instructed to dismiss Counts I and II of the complaint, seeking declaratory and injunctive relief, as moot.

## II. *Damages*

█ In addition to seeking declaratory and injunctive relief, in Count III of the complaint plaintiffs sought $220,000 in damages for "great humiliation and mental suffering" in connection with their allegedly unlawful discharge from the Credit Committee. The mental suffering alleged consisted of some evanescent sleeplessness and headaches, and the brief flare-up of an existing ulcer of one of the plaintiffs; for none of these maladies was treatment sought. The humiliation alleged purportedly stemmed from loss of respect from col-

---

1. Plaintiffs have also premised the currency of this dispute on their continued deprivation of incumbency, which they claim would be an advantage in any future election. But this ar-

gument presupposes that plaintiffs will in fact run for office in the future, a premise which, as we have noted *supra,* is at this point purely speculative.

leagues incident to plaintiffs' discharge. However, the district court noted that plaintiffs were able to explain the underlying political reason for their discharge to their colleagues and that any questioning of plaintiffs' honesty or integrity was thus allayed. In addition, the district court concluded that the minimal alleged suffering, like the alleged humiliation, was "only remotely related to the actions of the defendants," and hence not legally cognizable. On appeal, plaintiffs have not challenged this finding, and it is supported by ample record evidence. Without a demonstration of clear error in the district court's finding of an absence of real nexus between defendants' actions and plaintiffs' injury, we must affirm the district court's rejection of plaintiffs' damage claim. W. Prosser, *Law of Torts*, § 41 (4th ed.); Fed.R.Civ.P. 52(a).

For the foregoing reasons, Counts I and II of the complaint, seeking declaratory and injunctive relief, are remanded to the district court with instructions to dismiss them as moot, and the district court's entry of judgment in favor of defendants on Count III, seeking damages, is affirmed.

AFFIRMED IN PART AND REMANDED IN PART.