NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 20, 2019[*]
Decided March 20, 2019

**Before**

DIANE P. WOOD, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 18-3373

| | |
|---|---|
| TIMOTHY LOUIS HERMANN and KAREN ELAINE HERMANN, *Plaintiffs-Appellants*, | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 17-cv-60-jdp |
| DUNN COUNTY and DENNIS P. SMITH, *Defendants-Appellees*. | James D. Peterson, *Chief Judge*. |

**O R D E R**

Timothy and Karen Hermann owned a farm in Dunn County, Wisconsin, but did not pay property taxes on it. After the county foreclosed on the property, obtained an order requiring them to vacate it, and rejected their offer to repurchase it, the sheriff removed them from the land. The Hermanns sued the county, the sheriff, and others,

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. CIV. P. 34(a)(2)(C).

asserting that the removal process violated their rights under the Fourth and Fourteenth Amendments, *see* 42 U.S.C. § 1983. The district court dismissed some claims and entered summary judgment for the county and sheriff. Because the defendants permissibly removed the Hermanns and did not violate their right to due process, we affirm.

We construe the record and draw all reasonable inferences in the Hermanns' favor. *See Morgan v. Schott*, 914 F.3d 1115, 1118 (7th Cir. 2019). The county judicially foreclosed on their property in 2013. The Hermanns did not vacate it until after the entry on December 12, 2016, of a default judgment ordering them to vacate 14 days later and authorizing their removal if they did not. The Hermanns received notice of that judgment four days after its entry, when the county's sheriff, Dennis Smith, received a copy of it and left it at the Hermann's door. (The Hermanns received another copy by mail.) They vacated the property 10 days later, on December 26, as ordered.

The Hermanns offered to repurchase the property, and the county's development committee had discretion to reject their offer. WIS. STAT. § 75.521; Dunn County, Ordinance 7.7.5 (July 20, 2005). After they vacated the property, the Hermanns offered $29,000, including back taxes, interest, penalties, and a $500 fee. Their offer was the minimum acceptable offer, and the committee could charge up to $77,770 for the property (the assessed value plus a 10% fee). WIS. STAT. § 75.69; Dunn County, Ordinance 7.7.4 (July 20, 2005). At the public meeting on the issue, the committee heard from the Hermanns, discussed their offer, and rejected it as insufficient.

Afterwards, the Hermanns returned to the property, and the county warned them that they were trespassing. A month later, Sheriff Smith attempted to remove them, but the Hermanns locked themselves inside. Smith knocked, identified himself, and told them they were trespassing and that he could remove them. They refused to budge. As Smith began breaking down the door, Karen Hermann unlocked it. Upon entering, Smith brushed against Timothy Hermann, and a deputy arrested him.

The Hermanns responded by suing the county, Smith, and others whom they deemed involved in this process. The district court dismissed all defendants except Smith and the county. Against Smith, it allowed to proceed claims that the four-day delay in notifying the Hermanns of the order to vacate and Timothy's arrest violated the Fourth and Fourteenth Amendments. Against the county, it permitted claims that the repurchase process was unfair, discriminatory, and arbitrary. The district court later entered summary judgment on these claims. It ruled that Smith's four-day delay in

delivering notice did not violate due process, Smith had probable cause to arrest Timothy, and no evidence suggested that he had used unreasonable force. The county was entitled to summary judgment, the court added, because the Hermanns received sufficient process in the repurchase proceedings, and no evidence supported allegations that it acted discriminatorily or arbitrarily.

The Hermanns' appellate brief is difficult to parse. They appear to challenge the dismissal of the other defendants, but these dismissals were proper. First, they cannot sue parts of the county that are not separate from the county itself. *Whiting v. Marathon Cty. Sheriff's Dep't*, 382 F.3d 700, 704 (7th Cir. 2004). The Sheriff's Office and the county's development committee fall within this rule. Second, dismissal of defendants not effectively served with process is appropriate, and the Hermanns improperly tried to serve the State of Wisconsin by delivering a summons to someone at a service window of the Dunn County Clerk's Office. *See* FED. R. CIV. P. 4(j)(2), (m); WIS. STAT. § 801.11(3); *UWM Student Ass'n v. Lovell*, 888 F.3d 854, 859 (7th Cir. 2018). Third, the Hermanns failed to allege any personal involvement of the county treasurer or corporate counsel, as required under § 1983. *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017).

The Hermanns also challenge the district court's entry of summary judgment in the county's favor. They argue that the state-court judgment that the county obtained and that harmed them violated Wisconsin law. *See* WIS. STAT. § 704.19. But they cannot sue any defendant for the purpose of asking a federal district court to review and correct an adverse state-court judgment. *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923). Even if, as the Hermanns allege, the state judgment that harmed them arose from fraud, *Rooker-Feldman* bars federal district-court jurisdiction over any claim about a state judgment that allegedly caused injuries. *See Mains v. Citibank, N.A.*, 852 F.3d 669, 675–76 (7th Cir. 2017).

Regarding Smith, the Hermanns argue that in arresting Timothy, he violated the Fourth Amendment. They contend that Smith needed a warrant, but the Fourth Amendment prohibits only unreasonable arrests. *See District of Columbia. v. Wesby*, 138 S. Ct. 577, 585 (2018). "A warrantless arrest is reasonable if the officer has probable cause to believe that the suspect committed a crime in the officer's presence." *Id.* at 586. Smith knew that the Hermanns did not have permission to be on the land, so he had probable cause to arrest Timothy for trespass. WIS. STAT. § 943.14; *State v. Sykes*, 695 N.W.2d 277, 283 (Wis. 2005). Nor is there any basis for the Hermanns' claim that the arrest involved "unreasonable force." A jury would have to find that Smith's use of force was "objectively reasonable under the circumstances." *Dockery v. Blackburn*,

911 F.3d 458, 461 (7th Cir. 2018). After the Hermanns ignored orders to vacate and locked themselves in, Smith responded reasonably by attempting to remove the door; he used no significant force on Timothy, just an inadvertent brush.

The Hermanns next argue that both defendants violated their right to due process. Before the state may deprive a person of a protectible interest, due process "generally requires only 'notice and an opportunity to be heard.'" *Black Earth Meat Market, LLC v. Vill. Of Black Earth*, 834 F.3d 841, 850 (7th Cir. 2016) (quoting *Dusenbery v. United States*, 534 U.S. 161, 167 (2002)). The Hermanns maintain that Smith offended due process in delaying by four days his delivery of the notice of the default judgment, thereby giving them 10 days instead of 14 to leave the property. But Smith did not deprive the Hermanns of any protectible interest—they remained at the property for the entire 14 days—so no violation of due process occurred. *See Tom Beu Xiong v. Fischer*, 787 F.3d 389, 399 (7th Cir. 2015). Likewise, no reasonable jury could find that the county denied the Hermanns due process. They argue that Dunn County Ordinance 7.7.5(2) required the county to accept their repurchase offer. But this ordinance merely gave the county the option to allow the Hermanns to bid. WIS. STAT. § 75.35(3); Dunn County, Ordinance 7.7.5(1) (July 20, 2005) ("The Committee is further authorized, but not required, to give such former owners first option to purchase said land."). In any event, a violation of state law does not in itself create a violation of due process. *Swarthout v. Cooke*, 562 U.S. 216, 221–22 (2011).

We have considered the Hermanns' other arguments, and none has merit.

AFFIRMED