**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 1, 2019[*]
Decided November 4, 2019

**Before**

AMY C. BARRETT, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 18-1530

| | |
|---|---|
| EDWARD F. NOVOTNY III, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 2:17-cv-160-JPS |
| CITY OF WAUWATOSA, *et al.*, *Defendants-Appellees*. | J.P. Stadtmueller, *Judge*. |

**O R D E R**

Upset that he received a citation for drunk driving, Edward Novotny sued various defendants (police officers, private security guards, a prosecutor, and the city government of Wauwatosa) for conspiring to violate his rights under the Fourth Amendment and the Due Process Clause of the Fourteenth Amendment. The district court dismissed two of the defendants for lack of service, and it entered summary

---

[*] Defendant Mayfair Mall Security was not served with process in the district court and is not participating in this appeal. We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

judgment for the remaining defendants because Novotny's Fourth Amendment claims were precluded and he could not establish a due process violation. We affirm.

Because Novotny did not respond to the defendants' proposed findings of fact as required by local rules, *see* E.D. WIS. CIV. R. 56(b)(2)(B), the district court adopted the defendants' proposed findings as undisputed, as do we. *See Benuzzi v. Bd. of Educ.*, 647 F.3d 652, 655 (7th Cir. 2011). One early morning in February 2015, Novotny was driving to work when a tire fell off his car. He pulled into a nearby shopping mall parking lot, got out of his car, and started walking away. A mall security guard saw him and, suspecting that he was intoxicated, called the police.

When two officers arrived, they saw a tire in the middle of the road and a car with only three tires in the parking lot. They talked to another security guard, who identified Novotny as the car's driver. The officers approached Novotny and began questioning him. While Novotny explained how his car broke down on his way to work, the officers noticed that his speech was slurred, his eyes were bloodshot, and he smelled strongly of alcohol. They asked him whether he had been drinking, and he admitted that the previous night he had drunk two to four beers, as well as some wine, but he insisted that he had stopped drinking around 11:00 p.m. The officers then asked Novotny to perform several field sobriety tests, and he failed most of them.

Concluding that Novotny was intoxicated, the officers arrested him for drunk driving. They cited him for operating a motor vehicle while intoxicated. Because Novotny was a first-time offender, the violation was categorized as a civil offense. *See* WIS. STAT. §§ 346.63(1)(a), 346.65(2)(am).

Novotny challenged the citation before the local municipal court. At a bench trial, he argued that the police officers lacked the reasonable suspicion necessary to stop him for questioning. The court disagreed, ruling that the officers had legal authority to approach him, and that the smell of alcohol gave them cause to detain him further. The court concluded that the evidence obtained by the officers was sufficient to find Novotny guilty of operating under the influence. Novotny appealed, but his appeal was dismissed for lack of service after he failed to provide a notice of appeal to the city. See WIS. STAT. § 800.14(1).

Novotny then filed this action under 42 U.S.C. § 1983, asserting (1) that the arresting officers violated his Fourth Amendment rights by detaining him in the parking lot without reasonable suspicion; (2) that the city and its prosecutor violated his

right to due process by denying him a jury trial and submitting false evidence; and (3) that the prosecutor, police officers, an unknown mall security guard, and the security guard's employer conspired to deprive him of his constitutional rights.

The district court entered summary judgment for the state defendants. The court concluded that Novotny's Fourth Amendment claim was precluded because it had been litigated and decided in the municipal court proceedings, was essential to that judgment, and applying preclusion was fundamentally fair. The court also rejected Novotny's due process claim because there is no constitutional right to a jury trial for petty offenses; the false evidence that Novotny claimed the prosecutor submitted was merely a minor typographical error; the prosecutor was immune from suit; and Novotny didn't produce any evidence to support a claim against the city under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). The court then ruled that Novotny's conspiracy claim failed because he had not established an underlying constitutional violation, a necessary predicate to a § 1983 conspiracy action. Finally, the court dismissed Novotny's claims against the security guard and the security guard's employer because Novotny did not serve those defendants.

On appeal, Novotny first challenges the district court's dismissal of the security guards, contending that under Federal Rule of Civil Procedure 4(m), the court was required to give him 90 days to serve the guards after he discovered their identities. But Rule 4(m) gives a plaintiff 90 days to serve defendants from the date that the complaint is filed, not the date when the plaintiff discovers their identity. *See UWM Student Ass'n v. Lovell*, 888 F.3d 854, 858 (7th Cir. 2018). And the court gave Novotny more than six months after he filed his complaint to serve the security company and discover its employees' identities. Novotny does not explain why, even after he learned the guards' identities, he failed to serve them or amend his complaint.

Novotny next maintains that the district court erred in concluding that his Fourth Amendment claims were precluded by the earlier state proceedings. Under Wisconsin law, issue preclusion applies if (1) the issue in question was actually litigated, decided, and essential to a judgment in a prior action; and (2) preclusion would be "fundamentally fair." *See Estate of Rille v. Physicians Ins. Co.*, 728 N.W.2d 693, 702 (Wis. 2007). Relevant factors for the latter inquiry include whether the party opposing preclusion lacked an adequate incentive to litigate the issue in the earlier proceeding, whether the earlier proceeding was of significantly lower quality, whether the parties' burdens have shifted since the earlier proceeding, and whether the party opposing preclusion could have obtained review of the decision. *Aldrich v. Labor & Indus. Review*

*Comm'n*, 814 N.W.2d 433, 453 (Wis. 2012). Novotny argues generally that these factors all weigh in his favor.

We agree with the district court, however, that there is nothing unfair about applying preclusion here to bar Novotny's Fourth Amendment claims. Novotny had a strong incentive to litigate the issue during the original proceedings, and there is no evidence that the Wisconsin proceedings were so low in quality that they lacked preclusive effect. The burdens too are different: Novotny here bears the burden to prove his claims, unlike the municipal action, in which the burden of proof fell upon the city. Lastly, Novotny could have obtained appellate review of the municipal court's ruling had he complied with state procedural rules.

Novotny also contends that the district court erred in rejecting his due process claims against the city and its prosecutor because, he argues, the court ignored Wisconsin law entitling him to a jury trial. *See* WIS. STAT. § 800.035(5)(c). But Novotny may not bring a claim under § 1983 for violations of state law. *See Williams v. Shah*, 927 F.3d 476, 479 n.1 (7th Cir. 2019). And under federal law, Novotny received all the process he was due—there is no constitutional right to a jury trial for petty crimes. *See Lewis v. United States*, 518 U.S. 322, 325–26 (1996) (presuming that crimes carrying a maximum penalty of less than six months in prison are "petty"). Even if he had a due process claim, neither defendant named in his complaint could be held liable. Prosecutors enjoy absolute immunity for actions taken in their capacity as prosecutors. *Archer v. Chisholm*, 870 F.3d 603, 612 (7th Cir. 2017). And the city may not be held liable for the unconstitutional actions of its employees unless those actions were the result of an express or de facto policy, or done by an official with final policy-making authority, *see Monell*, 436 U.S. at 690–91, none of which Novotny asserts to have applied here.

Finally, Novotny contends that he still has a claim for conspiracy because the police and security guards agreed that he should be searched. But absent any underlying constitutional violation, "there is no independent cause of action for § 1983 conspiracy." *Katz-Crank v. Haskett*, 843 F.3d 641, 650 (7th Cir. 2016) (citing *Cefalu v. Vill. of Elk Grove*, 211 F.3d 416, 423 (7th Cir. 2000)). Since Novotny is unable to establish any constitutional violation, his claim for conspiracy fails as well.

We have considered Novotny's additional arguments, and none has merit.

AFFIRMED