**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 2, 2020[*]
Decided April 6, 2020

**Before**

DIANE P. WOOD, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 19-3040

| | |
|---|---|
| IRMA ROSAS, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District |
| | of Illinois, Eastern Division. |
| *v.* | No. 1:19-cv-00005 |
| R.K. KENZIE CORP., et al., | John Robert Blakey, |
| *Defendants-Appellees*. | *Judge*. |

**O R D E R**

Irma Rosas brought a lawsuit against four of her previous employers, all restaurants, which, she alleged, discriminated against her based on her race, age, and disability (carpal tunnel syndrome), in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, the Age Discrimination in Employment Act, 29 U.S.C. § 623, and the Americans with Disabilities Act, 42 U.S.C. § 12112. The district court repeatedly

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

warned her that she could not join unrelated claims against different defendants, and then dismissed the suit after she continued to disregard those instructions. Because the district court did not abuse its discretion in dismissing the suit, we affirm.

At different points during a nine-month period, Rosas worked for Red Lobster, Olive Garden, and two different McDonald's stores. She sued all four restaurants for employment discrimination, alleging that their failures to accommodate her carpal tunnel collectively worsened her condition, and that their race and age discrimination caused mental distress. During the proceedings, the district court advised Rosas several times that she could not bring distinct claims against different defendants in the same lawsuit; twice, the court allowed her to amend her complaint. After striking a third amended complaint that Rosas filed without leave, the court encouraged her to look for counsel to help cure the joinder issue. When Rosas could not find an attorney to take her case, the court ordered her to make an appointment with the Hibbler Help Desk, the court's pro se assistance program.

After Rosas amended her complaint a fourth time without addressing the joinder problem, the defendants moved to strike or dismiss the complaint. In a hearing that followed, Rosas admitted that she had not followed the court's order to visit the pro se help desk. The court again warned her that further attempts to join unrelated claims in the same suit would result in dismissal: "You need to find an attorney to help you respond to these motions and correct the problems I've identified for you. If you do not, your case will be over." The court then urged her to "go to the Help Desk" and "either correct the problem or … litigate the motion to strike."

Rosas responded by filing a fifth amended complaint that mirrored her earlier submissions, which prompted the court sua sponte to dismiss the case with prejudice. Reprimanding Rosas for her "stubborn determination to pursue improperly joined claims," the court found her conduct willful. Because she refused to seek counsel, the court concluded that allowing her another opportunity to amend would be "pointless."

On appeal, Rosas argues that she properly joined her claims because each instance of discrimination contributed to the same harm. In support, she cites *Diehl v. H.J. Heinz Co.*, 901 F.2d 73, 73–74 (7th Cir. 1990), which recognizes that joint tortfeasors (who each aggravate the same physical injury albeit at different times and in different locations) may be sued in the same complaint "despite the lack of concert between them." But *Diehl* was a tort case in which both defendants contributed to the same injury. By contrast, Rosa's discrimination claims arose from distinct adverse employment actions by separate employers. Unrelated claims against different

defendants belong in different lawsuits. See FED. R. CIV. P. 20; *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Rosas also argues that the district court, acting sua sponte, should have severed her claims or dismissed the complaint without prejudice. True, misjoinder alone is not grounds for dismissal, FED. R. CIV. P. 21; *UWM Student Ass'n. v. Lovell*, 888 F.3d 854, 864 (7th Cir. 2018), but the district court dismissed her case based on her repeated failure to cure her complaint's deficiencies. Judge Blakey warned Rosas, over and over, that she courted dismissal of her case if she did not respond to the joinder problem. Even pro se litigants must follow procedural rules. *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006). Given Rosas's willful noncompliance with its instructions, the court acted well within its discretion to dismiss her case with prejudice. See FED. R. CIV. P. 41(b); *Salata v. Weyerhaeuser Co.*, 757 F.3d 695, 699–700 (7th Cir. 2014).

We have considered Rosas's remaining arguments, and none has merit.

AFFIRMED